# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JANUARY SESSION, 2000

| | | |
|---|---|---|
| THOMAS FREEMAN, | ) | NO. M1999-00177-CCA-R3-PC |
| Appellant, | ) | |
| | ) | |
| | ) | MARSHALL COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post Conviction - Class C Felony) |

**FILED**

February 25, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

N. ANDY MYRICK, JR.
116 West Market Street
Fayetteville, TN 37334

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE MCCOWEN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney
407 M C Courthouse
Lewisburg, TN 37091-3373

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On December 3, 1997, pursuant to a plea agreement, Thomas Freeman, the defendant and appellant, pled guilty in the Marshall County Circuit Court to five (5) Class C felonies involving the sale, delivery and possession of schedule II drugs for which he received an effective twelve (12) year sentence. He filed a petition for post-conviction relief in November of 1998, and the trial court dismissed the petition. On appeal, the defendant argues that the trial court erred in holding that the defendant received the effective assistance of counsel.

After a review of the record, we affirm the judgment of the post-conviction court.

# FACTUAL BACKGROUND

On May 6, 1997, the defendant was stopped by police officers for not displaying a tax sticker on his car. After police dogs alerted officers that the defendant was carrying drugs, the officers observed the defendant throw a medicine bottle, later found to contain crack cocaine, on the ground. Over two months later, on three separate dates, July 25, 1997, July 27, 1997, and July 31, 1997, confidential informants purchased crack cocaine from the defendant. Finally, when police officers went to the defendant's home to arrest the defendant on August 27, 1997 for the above activity, they found a pill bottle containing crack cocaine.

The defendant was then indicted for five separate offenses. Michael Randles, then of the Public Defender's Office, was appointed to represent the defendant. Soon thereafter, Mr. Randles entered into plea negotiations with the District Attorney's Office. Mr. Randles informed the District Attorney's office that he intended to move to suppress the cocaine obtained as a result of an automobile stop. The Assistant District Attorney assigned to the case informed Mr. Randles that he would be willing to negotiate a plea-bargain on all of the cases only if Mr. Randles

refrained from moving to suppress the evidence. After investigating all of the charges against the defendant and considering his chances of succeeding on the suppression motion, Mr. Randles informed the defendant that, in his opinion, a plea bargain would be desirable. The defendant agreed, and, following brief negotiations between the District Attorney's Office and Mr. Randles, the defendant pled guilty to the charges in exchange for an effective twelve (12) year prison sentence.

In November of 1998, the defendant challenged the convictions, claiming that he had entered into the plea agreement involuntarily because he had been denied the effective assistance of counsel. More specifically, the defendant claimed that Mr. Randles failed to move to suppress the evidence obtained as a result of the search of the defendant's car; that Mr. Randles failed to move to suppress the defendant's confession; that Mr. Randles failed to move to suppress the audio tapes made by a confidential informant; and, finally, that Mr. Randles erroneously advised the defendant to stay in jail, rather than to make bond, so that the defendant could receive medical treatment. The trial court found that the defendant had failed to carry his burden of proving that Mr. Randles had been ineffective.

# INEFFECTIVE ASSISTANCE OF COUNSEL

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App.1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner

-3-

must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn.1997) "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id. "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

In this case, testimony at the post-conviction hearing revealed that the defendant had not made a statement to police; thus, there was no confession to suppress. Furthermore, although Mr. Randles originally considered trying to suppress the cocaine found as a result of the automobile stop, he decided against it for tactical reasons relating to the plea negotiations. The defendant has not demonstrated that any further investigation would have yielded any evidence helpful to the defendant. Finally, the trial court implicitly found that the defendant's testimony, that he was coerced into confessing because Mr. Randles told the defendant that he would receive medical care in prison, was incredible.[1]

In short, the petitioner has not established that his attorney provided deficient performance at trial or on appeal. Moreover, he has not demonstrated a reasonable probability that, due to his attorney's alleged deficiencies, the result of the proceeding would have been different. Accordingly, the trial court properly denied the petition for post-conviction relief.

The trial court's judgment is AFFIRMED.


_____
JERRY L. SMITH, JUDGE

---

[1] Although the trial court did not specifically find the defendant's testimony incredible on the record, Mr. Randles' testimony directly contradicted the defendant's on this point, and the trial court held that the defendant did not carry his burden.

CONCUR:                                    -5-


_____
THOMAS T. WOODALL, JUDGE


_____
L. T. LAFFERTY, SENIOR JUDGE